STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MOHIT GOURISARIA (CABN 320754)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7063
    Fax: (415) 436-7234
    mohit.gourisaria@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> JOSEPH ALBERT COREY, <br>     Defendant. | NO. CR-20-481 EMC <br><br> SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR DETENTION AND IN OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE |
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> JOSEPH ALBERT COREY, a/k/a Dennis Dupont; a/k/a Dennis Dupon; a/k/a Jason Levy; a/k/a Peter Katz; a/k/a Theodore Bergstrom; a/k/a Adam Bauer; a/k/a Lawrence Greenberg; a/k/a Adam Goldberg; a/k/a David Heimlich, <br>     Defendant. | NO. CR-19-530 EMC <br><br> SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR DETENTION AND IN OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE |

In November 2019, Joseph Corey pleaded guilty to mail fraud in this district. Back then, he believed the government was clueless because it had only charged him with a small fraction of his crimes, boasting to a co-conspirator that the FBI was the "Federal Bureau of Idiots." Then weeks before his sentencing — on learning that the government had evidence of far more serious crimes than the one he had pleaded guilty to — he misled his then counsel and fled to Mexico with the help of the co-conspirator. It took months of planning, and untiring coordination between the FBI and local and state Mexican law enforcement, to locate Corey. And that entire time, his surety and ex-wife Melissa Zee was surreptitiously communicating with him, sending him suitcases, receiving money from him. When Corey was finally arrested in Mexico earlier this year, he was carrying several false identifications, including those of a Special Agent for the CIA.

One need hardly speculate about Corey's game plan. So long as he is in custody, he must answer for his crimes — one set that he's pleaded guilty to and awaits sentencing on, and another where the government's plea offer is set to expire in a week, at which point the government has expressed its preparedness to set the case for trial and supersede with additional charges. But Corey has proven time and time again that he could care less for the law, let alone accept responsibility for his many (and potentially still mounting[1]) crimes. That is why the government and Pretrial both urge the Court to maintain the status quo and to keep Corey in custody.

I. ARGUMENT

The government has the burden to prove that Corey poses a risk of non-appearance only by a preponderance of the evidence. Here, the evidence of Corey's immitigable risk is overwhelming.[2] The government submitted a detention brief at the time of Corey's arrest (*see* 19-530, Dkt. 43); it is included as an exhibit to this filing for the Court's convenience. This supplemental memorandum responds only to the specific arguments presented by Corey in his latest motion for release.

---

[1] The government is in the midst of evaluating evidence seized from Corey by Mexican authorities for new, separate crimes that Corey may have committed whilst a fugitive in Mexico.

[2] Without explanation, Corey's motion states that "[t]here is no question that Corey is not a danger to anyone." (20-481; Dkt. 54 at 3.) That is incorrect. Corey also poses a danger to the community; his continuing criminal activity even after he was charged with and pleaded guilty to mail fraud is proof of that fact. *See United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992). But given the overwhelming evidence of flight risk, the Court need not address the issue of danger that Corey poses if released again.

UNITED STATES' SUPPL. DETENTION MEMORANDUM
CR-20-481 EMC; CR-19-530 EMC                  2

A. **Melissa Zee Not Only Failed As Corey's Surety in the Past But Also Provided Assistance to Corey Whilst He Remained a Fugitive in Mexico**

The defense proposes that Corey be released with Ms. Zee as his custodian and surety. But it fails to inform the Court that the government has a pending motion for forfeiture of bond against Ms. Zee, who was serving as Corey's surety when he fled to Mexico. (*See* 19-530, Dkt. 52.)

Further, the government has produced evidence to defense counsel and to counsel for Ms. Zee indicating that Ms. Zee aided and abetted Corey whilst he remained a fugitive.[3] Though Ms. Zee told Pretrial and the Marshals that she was not in contact with Corey, she in fact was in frequent communication with him, including through their daughter's Instagram account and through phones belonging to fellow realtors at Keller Williams. She also sent several suitcases to Corey in Mexico; these contained personal effects as well as mail and other items that enabled Corey to continue engaging in his crimes and living under false identities. Finally, Corey continued to send large amounts of cash, proceeds from his fraud, to Ms. Zee from Mexico.

 

*Photos of items from a suitcase that Ms. Zee sent to Corey in Mexico*

In short, there could not be a less qualified custodian and surety in this case than Ms. Zee.

---

[3] In conjunction with this motion, the undersigned counsel will also provide the supporting evidence to the Court and to Pretrial Services.

**B.      Corey's Multi-Million Dollar Fraud Conspiracy Continued Both Whilst He was on Pretrial Release And Whilst He Remained a Fugitive in Mexico**

In his new case (20-481), Corey is charged with six counts: one count of conspiracy to commit wire fraud, three counts of wire fraud, and two counts of money laundering. The conspiracy charge covers a period between March 2019 (at the latest) and October 2020 (at the earliest). In other words, the conspiracy covers the August 2019 to February 2020 period during which Corey was on pretrial release. In support of its case, the government has produced tens of thousands of pages of discovery to the defense, including the government's preliminary loss calculations, which reflect that Corey's fraudulent scheme is responsible for over $4.5 million in actual, and over $13.5 million in intended, losses. The government's plea offer to Corey expires on September 3, 2021.[4]

In his instant motion, Corey argues that the allegations of his engaging in criminal activity whilst on pretrial release were untrue. That is false. The government has produced evidence to the defense in support of the charged conspiracy, including the time frame that Corey was on release. Whether or not he physically appeared at the rental mailbox, the fact remains that the medical-device loan scheme was ongoing, and that Corey continued to be a part of it.

Perhaps more telling is what Corey does not dispute. He does not dispute that he continued to engage in the fraud after he fled to Mexico, where he remained a fugitive until his arrest. If Corey had truly turned over a new leaf after pleading guilty in his first case (19-530), he had over a year to prove that through his conduct. If Corey wanted, as he now claims, to be an "asset to [his] community" (20-481; Dkt. 54 at 6), he would not have continued to defraud new victims and commit new crimes whilst a fugitive in Mexico. If Corey wished, as he now claims, "to participate in the system" (*id*. at 2), he would not have successfully evaded U.S. and Mexican authorities for a year, only to be found under the alias Michael Westin and in possession of a false CIA identification and badge.[5] Corey's record proves that his words are empty, coming from a person with a sense of entitlement, a person who is used to committing crimes and getting away with it.

---

[4] The plea agreement extended to Corey includes a condition that Corey remain in custody.

[5] Even after he was arrested, he did not relent easily, insisting that he was in fact "Michael Westin" until the officers proved to him that they knew exactly who he was.

UNITED STATES' SUPPL. DETENTION MEMORANDUM
CR-20-481 EMC; CR-19-530 EMC                    4

*****

In Corey's 19-530 case, prior to his escape, the parties had calculated the Guidelines range at 30 to 37 months. Sentencing in that case is imminent. In the 20-481 case, assuming Corey accepts the government's offer, his range is expected to be 121 to 151 months — and likely *much* higher if he is found guilty after trial on existing and additional charges, including aggravated identity theft and bail jumping. He would also owe millions of dollars in restitution. It is no surprise that Corey moves for release at this juncture; soon he will have to answer for his crimes, and this is his Hail Mary for one last escape.

Because there are no conditions of release that would reasonably assure his appearance as required, the United States respectfully requests that Corey remain in custody.

DATED: August 26, 2021                                    Yours sincerely,

STEPHANIE M. HINDS
Acting United States Attorney


      */s/ Mohit Gourisaria*
MOHIT GOURISARIA
Assistant United States Attorney

# Exhibit

Government's Memorandum in
Support of Detention dated 1/14/2021

| | |
|---|---|
| 1 | DAVID L. ANDERSON (CABN 149604)<br>United States Attorney |
| 2 | |
| 3 | HALLIE HOFFMAN (CABN 210020)<br>Chief, Criminal Division |
| 4 | MOHIT GOURISARIA (CABN 320754)<br>Assistant United States Attorney |
| 5 | |
| 6 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495<br>Telephone: (415) 436-7063 |
| 7 | Fax: (415) 436-7234<br>mohit.gourisaria@usdoj.gov |
| 8 | Attorneys for United States of America |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR-20-481 RS |
| Plaintiff, | ) ) | MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR DETENTION |
| v. | ) ) | |
| JOSEPH ALBERT COREY, | ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR-19-530 EMC |
| Plaintiff, | ) ) | MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR DETENTION |
| v. | ) ) | |
| JOSEPH ALBERT COREY,<br>a/k/a Dennis Dupont; a/k/a Dennis Dupon; a/k/a<br>Jason Levy; a/k/a Peter Katz; a/k/a Theodore<br>Bergstrom; a/k/a Adam Bauer; a/k/a Lawrence<br>Greenberg; a/k/a Adam Goldberg; a/k/a David<br>Heimlich, | ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

UNITED STATES' DETENTION MEMORANDUM
CR-20-481 RS; CR-19-530 EMC           1

Joseph Corey has no regard for the court, and no respect for the law. He is a seasoned fraudster who has proven that he is capable — and shockingly adept at — fleeing from the law. For nearly an entire year, Corey has been a fugitive from justice, as he awaits sentencing in one criminal case and arraignment in another. The crimes that Corey has pleaded guilty to and been charged with involve false identities, fraudulent representations, and disregard for that which belongs to others. More important, Corey has proven his inability to course correct, perhaps even to recognize right from wrong. That same criminal mindset is what made Corey a successful fugitive between February 2020 and now.

Locating Corey has required enormous time, energy, and resources, including cross-border planning and cooperation. Those efforts finally led to Corey's arrest on January 13, 2021. True to his modus operandi, at the time of his arrest in Monterrey, Mexico, Corey had several false identifications, including an ID and badge identifying him as a Special Agent for the Central Intelligence Agency (CIA). He also insisted that he was "Michael Westin" until the arresting officers made it clear that they knew exactly who he was.

 

UNITED STATES' DETENTION MEMORANDUM
CR-20-481 RS; CR-19-530 EMC                      2





*Photos from Corey's January 13 arrest in Mexico*

# I. Summary

In August 2019, Corey was charged with one count of mail fraud.[1] Soon after, he was released on bail. On November 20, 2019, Corey pleaded guilty to the mail-fraud charge. Based on evidence of his ongoing unlawful activity — even as he awaited sentencing on the mail-fraud charge — the government sought to reopen detention. Corey first sought continuance of the bond hearing date and then fled. After two failures to appear, a bench warrant was issued for his arrest. Based on bank records and other evidence, Corey appears to have fled to Mexico soon after his nonappearance.

In December 2020, a new criminal case was filed against Corey, charging him with six counts: one count of conspiracy to commit wire fraud, three counts of wire fraud, and two counts of money laundering.[2] The conspiracy charge covers a period between March 2019 (at the latest) and October 2020 (at the earliest). In other words, Corey continued to commit new crimes whilst on pretrial release, even as he pretended to accept responsibility for his conduct on the mail-fraud charge.

# II. Legal Standard

The Bail Reform Act of 1984 permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). A finding that a defendant presents a risk of non-appearance need only be supported by a preponderance of the evidence. *Motamedi*, 767 F.2d at 1406.

# III. Argument

The government has the burden to prove, by a preponderance of the evidence, that Corey poses a risk of non-appearance. But here, *Corey* himself has established the immitigable risk he poses. And he has done so with such overwhelming proof that there is little else left for the government to show.[3]

---

[1] 19-cr-530, Dkt 1.

[2] 20-cr-481, Dkt 1.

[3] Corey also poses a danger to the community because he continued his economic crimes even after he was charged with mail fraud and released on bail. *See United States v. Reynolds*, 956 F.2d 192, 192 (9th

UNITED STATES' DETENTION MEMORANDUM
CR-20-481 RS; CR-19-530 EMC                    4

A. 2019

In August 2019, Corey was charged with a mail-fraud scheme under 18 U.S.C. § 1341. As part of that scheme, Corey used the name "Dennis Dupont" to open a bank account for a fake company. He funded that account by depositing unauthorized checks from a victim's bank account, and then laundering those proceeds through gold-coin purchases.



*Corey as "Dennis Dupont"*

The FBI searched Corey's residence at the time of arrest. During that search, agents recovered, among other things, more than a dozen driver's licenses bearing Corey's photo but false names, several counterfeit social-security cards, and nearly a dozen cell phones that were labeled to indicate the false identities to which they corresponded. A search of the phones revealed that they were logged into, or received communications from, over 20 different email accounts.

 

*Examples of false identification recovered during search of Corey's residence*

---

Cir. 1992). But given the overwhelming evidence of flight risk, the Court need not address the issue of danger that Corey poses if released again.

UNITED STATES' DETENTION MEMORANDUM
CR-20-481 RS; CR-19-530 EMC                    5

In November 2019, as the government continued to investigate additional schemes involving Corey, he entered an open plea to the mail-fraud count.

### B. 2020

Whilst Corey awaited sentencing for mail fraud, the government sought to reopen detention based on "evidence that suggests that Mr. Corey is continuing to engage in fraudulent conduct since his arrest." Exhibit A. That hearing was initially set for February 14, 2020,[4] but defense counsel requested that the hearing be moved: "I've spoken with Mr. Corey and he would prefer the 18th as he cannot get a flight here for the 14th on such short notice," Exhibit A.

That additional notice was seemingly all that Corey needed to escape. He failed to appear for his bond hearing before Magistrate Judge Spero on February 18, 2020.[5] The court gave him an additional day, but he failed to appear again on February 19, 2020.[6] As a result, Magistrate Judge Spero issued a bench warrant for his arrest. Corey's sentencing before Judge Chen, scheduled for February 26, 2020, was continued a few times and ultimately vacated.[7]

In December 2020, in a new criminal case separate from the mail fraud, Corey was indicted with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, three counts of wire fraud, in violation of 18 U.S.C. § 1343, and two counts of money laundering, in violation of 18 U.S.C. § 1957. As part of the wire-fraud scheme, Corey impersonated real doctors to apply for loans, purportedly for medical devices. The defrauded lenders then wired the fraudulent proceeds to bank accounts set up by Corey with names that closely resembled or were identical to that of legitimate medical-device suppliers. The proceeds were subsequently laundered through purchases of gold.

---

[4] 19-cr-530, 02-11-2020 minute entry.
[5] 19-cr-530, Dkt 26.
[6] 19-cr-530, Dkt 25.
[7] 19-cr-530, Dkt 31.

UNITED STATES' DETENTION MEMORANDUM
CR-20-481 RS; CR-19-530 EMC                               6



*One of the many false identities that Corey assumed to commit his crimes*

### C. 2021

It took months of planning and preparation to locate and arrest Corey. The operation involved not only the FBI (both in the U.S. and legat) but also local and state Mexican law enforcement. Those extensive cross-border efforts finally yielded results when Corey was arrested in Monterrey, Mexico on January 13, 2021. At the time of his arrest, he was carrying several false identifications, including those that identified him as a Special Agent for the CIA.

*****

Because there are no conditions of release that would reasonably assure his appearance as required, the United States respectfully requests that Corey be detained until trial.

DATED: January 14, 2021

Yours sincerely,

DAVID L. ANDERSON
United States Attorney

 */s/ Mohit Gourisaria*
MOHIT GOURISARIA
Assistant United States Attorney

UNITED STATES' DETENTION MEMORANDUM
CR-20-481 RS; CR-19-530 EMC                    7

# Gourisaria, Mohit (USACAN)

| | |
|---|---|
| **From:** | Candis Mitchell <Candis_Mitchell@fd.org> |
| **Sent:** | Thursday, February 13, 2020 3:52 PM |
| **To:** | Priedeman, Molly (USACAN) |
| **Subject:** | RE: Joseph Corey - Bond hearing |

Molly,

I have some appointments in the morning and afternoon, but will try to see the discovery around 11:30 if that will work, otherwise I would be next available to see it at about 2:30pm.


**Candis Mitchell**  (Preferred pronouns: she/her)
Assistant Federal Public Defender
Federal Public Defender - Northern District of California
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
415.436.7700 - Office | 415.436.7706 - Fax
candis_mitchell@fd.org

**From:** Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>
**Sent:** Thursday, February 13, 2020 2:46 PM
**To:** Candis Mitchell <Candis_Mitchell@fd.org>
**Subject:** RE: Joseph Corey - Bond hearing

Candis,

After looking at this more closely, I don't think I will be able to get you redacted copies by tomorrow.  There is PII throughout, which makes it very difficult.  I can make the documents available to you tomorrow to review in our office before 3 pm tomorrow, and will follow up with redacted copies as soon as I am able.  If you want to come review them tomorrow, please let me know what time what works best for you.

Thanks,

1

Molly

**From:** Candis Mitchell <Candis_Mitchell@fd.org>
**Sent:** Thursday, February 13, 2020 1:38 PM
**To:** Priedeman, Molly (USACAN) <MPriedeman@usa.doj.gov>
**Subject:** RE: Joseph Corey - Bond hearing

Molly,

Please produce the redacted documents to me and I will follow up should I need to see any unredacted documents.

**Candis Mitchell**  (Preferred pronouns: she/her)
Assistant Federal Public Defender
Federal Public Defender - Northern District of California
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
415.436.7700 - Office | 415.436.7706 - Fax
candis_mitchell@fd.org

**From:** Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>
**Sent:** Thursday, February 13, 2020 11:52 AM
**To:** Candis Mitchell <Candis_Mitchell@fd.org>
**Subject:** RE: Joseph Corey - Bond hearing

Hi Candis,

==The government has evidence that suggests that Mr. Corey is continuing to engage in fraudulent conduct since his arrest. I intend to rely on a number of documents during the hearing.==  I believe I can produce redacted copies to you tomorrow, or you can come inspect the unredacted copies in our office tomorrow.  Just let me know what you prefer. The documents contain a lot of PII, so there a number of redactions.

Best,

Molly

**From:** Candis Mitchell <Candis_Mitchell@fd.org>
**Sent:** Wednesday, February 12, 2020 10:48 AM

**To:** Priedeman, Molly (USACAN) <MPriedeman@usa.doj.gov>
**Subject:** RE: Joseph Corey - Bond hearing

Molly,

What is the reason that you're calling the bond hearing?

**Candis Mitchell** (Preferred pronouns: she/her)
Assistant Federal Public Defender
Federal Public Defender - Northern District of California
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
415.436.7700 - Office | 415.436.7706 - Fax
candis_mitchell@fd.org

---

**From:** Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>
**Sent:** Tuesday, February 11, 2020 4:19 PM
**To:** Candis Mitchell <Candis_Mitchell@fd.org>
**Subject:** RE: Joseph Corey - Bond hearing

Got it, I will reach out to Karen.

---

**From:** Candis Mitchell <Candis_Mitchell@fd.org>
**Sent:** Tuesday, February 11, 2020 3:51 PM
**To:** Priedeman, Molly (USACAN) <MPriedeman@usa.doj.gov>
**Subject:** RE: Joseph Corey - Bond hearing

I've spoken with Mr. Corey and he would prefer the 18th as he cannot get a flight here for the 14th on such short notice.

**Candis Mitchell** (Preferred pronouns: she/her)
Assistant Federal Public Defender
Federal Public Defender - Northern District of California
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102

3

415.436.7700 - Office | 415.436.7706 - Fax
candis_mitchell@fd.org

---

**From:** Priedeman, Molly (USACAN) <Molly.Priedeman@usdoj.gov>
**Sent:** Tuesday, February 11, 2020 10:59 AM
**To:** Candis Mitchell <Candis_Mitchell@fd.org>
**Subject:** RE: Joseph Corey - Bond hearing

My apologies Candis.  If you prefer, I'm happy to move the hearing to this Thursday or Tuesday, February 18.  Just let me know, thanks.

---

**From:** Candis Mitchell <Candis_Mitchell@fd.org>
**Sent:** Tuesday, February 11, 2020 10:54 AM
**To:** Priedeman, Molly (USACAN) <MPriedeman@usa.doj.gov>
**Subject:** Joseph Corey - Bond hearing

Molly,

I just got notice that you intend to have Mr. Corey come in for a bond hearing on Friday. I had previously set appointment at that time on Friday, as a professional courtesy, I would have appreciated an inquiry as to my availability for Friday. I will see if Mr. Corey can come from Los Angeles on such short notice.


**Candis Mitchell**  (Preferred pronouns: she/her)
Assistant Federal Public Defender
Federal Public Defender - Northern District of California
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
415.436.7700 - Office | 415.436.7706 - Fax
candis_mitchell@fd.org

4