UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES

| | | |
|---|---|---|
| **Date:** March 17, 2022 | **Time:** 9:30-11:07 | **Judge:** EDWARD M. CHEN |
| **Case No.:** 19-cr-00530-EMC-1<br>20-cr-00481-EMC-1 | **Case Name:** United States v. Joseph Albert Corey | |

**Attorney for Government:** Mohit Gourisaria
**Attorney for Defendant:** Christopher Cannon
**Defendant:** [X] Present   [ ] Not Present
**Defendant's Custodial Status:** [X] In Custody  [ ] Not in Custody

| | |
|---|---|
| **Deputy Clerk:** Vicky Ayala | **Court Reporter:** Marla Knox |
| **Interpreter:** N/A | **Probation Officer:** Brian Casai |

## PROCEEDINGS

Sentencing.

## SUMMARY

Parties stated appearances.

Criminal History Category: I.  Adjusted Offense Level:  31.  Guideline Range is level 108-135 months.

Defendant stated he reviewed the PSR with his attorney.  Faith Philio Kunihara addressed the Court as a character witness.  Defendant addressed the Court.

Defendant plead guilty to Count 1 in docket number 19-cr-00530-EMC.  Defendant plead guilty to Counts 2-4 in docket number 3:20-cr-00481-EMC.

The Court considered and discussed the Guideline calculations and the 3553(a) factors.  This was defendant's first offense.  He appeared to have been a hard worker and at times he's been charitable with no benefit to himself.

Nonetheless, the Court found a downward variance was not warranted under 3553(a).  There are two offenses; the Court finds these offenses egregious.  Both cases were two separate acts, with different sets of people involved.  These acts were committed knowingly and deliberately.  The harm inflicted was no different than outright theft.  And he committed the second offense while under indictment on the first offense and after he fled custody on the first offense.  Another factor under 3553(a) is deterrence.  Defendant has shown no remorse, nor has he truly accepted responsibility.  He chose not to cooperate, but instead fled on the first offense.  On the second

offense he tries to pin the blame on his co-defendant. In his colloquy, he sought to avoid prison time altogether. The Court chose to impose the low end of the Guidelines to reflect some of the mitigation factors mentioned.

The Court imposed a sentence of 108 months imprisonment and a three-year term of supervise release. Upon release from the Bureau of Prisons, defendant is to report to probation within 72 hours in the district where he is released. Defendant is to pay a special assessment of $500.00; $100.00 in docket number 19-cr-530 and $400.00 in docket number 20-cr-481. The fine is waived. Defendant shall pay restitution in the amount of $3,486.222,98. Payments shall be $250.00 monthly or 10% of defendant's earnings, whichever is greater. Court will request defendant be sent to Lompoc Camp or Terminal Island. Defense counsel requested he be able to submit additional documentation regarding defendant's drug abuse. No objections from the government. Court ordered defense counsel to submit information as soon as possible to probation. The additional information should reflect in the PSR.

Restitution hearing set for April 13, 2022, at 2:30 p.m. If a stipulation is filed, the Court will take the hearing off calendar.