UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSPEH ALBERT COREY,<br><br>    Defendant. | Case Nos. 19-cr-00530-EMC, 20-cr-00481-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR LEAVE TO FILE NOTICE OF APPEAL**<br><br>Docket No. 128 in No. 19-cr-00530-EMC, Docket No. 130 in No. 20-cr-00481-EMC |

Currently pending before the Court is Mr. Corey's motion for leave to file a notice of appeal. The motion has been filed in both cases in which Mr. Corey is a defendant: No. CR-19-0530 EMC (*Corey I*) and No. CR-20-0481 EMC (*Corey II*). Having considered the parties' briefs, the oral argument of counsel, and all other evidence of record, the Court hereby **GRANTS** in part and **DENIES** in part Mr. Corey's motion.

## I.     BACKGROUND

*Corey I* and *Corey II* involved distinct (though similar) crimes by Mr. Corey. However, the Court held a joint sentencing for the two cases, sentenced Mr. Corey to the same sentence for both cases (108 months), and ordered that the sentences run concurrently. *See Corey I*, Docket No. 124 (Stip.).

Subsequently, Mr. Corey moved for a reduction of his sentence. He filed the identical

motion in both *Corey I* and *Corey II*. The government filed the same opposition in both cases, and Mr. Corey filed the same reply in both cases. On December 20, 2024, the Court granted the motion in part, reducing Mr. Corey's sentence to 96 months (*i.e.*, the Court reduced the sentence but the reduction was less than what Mr. Corey had requested). *See Corey II*, Docket No. 124 (order). The Court filed the order in *Corey II* only and failed to enter the order in *Corey I*.

Thereafter, on January 23, 2025, the parties filed a stipulation in *Corey I*. The stipulation stated in relevant part:

> WHEREAS, the Federal Bureau of Prisons ("BOP") received the order of reduction that listed only [*Corey II*]. As a result, the BOP applied the sentence reduction only to Defendant's sentence in [*Corey II*];
>
> NOW, THEREFORE, counsel for Defendant and the Government stipulate that the sentence reduction of 108 months to 96 months should apply to both cases and request that the Court issue an order reducing Defendant's sentence in [*Corey I*] from 108 months to 96 months.

*Corey I*, Docket No. 124 (stipulation). The Court signed the stipulation the next day, *i.e.*, on January 24, 2025. *See Corey I*, Docket No. 125 (order).

Subsequently, Mr. Corey sought to appeal the Court's order which only partially reduced his sentence. The basic issue presented in the pending motion is whether Mr. Corey's pursuit of an appeal is timely.

## II.     DISCUSSION

A.     Legal Standard

Federal Rule of Appellate Procedure 4(b) governs appeals in criminal cases. It provides that a defendant must file an appeal "within 14 days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A).

Rule 4(b) also allows for an extension. "Upon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4).

B.   *Corey II*

The Court finds that Mr. Corey's pursuit of an appeal in *Corey II* is untimely. The order being challenged issued on December 20, 2024. Mr. Corey's appeal was due 14 days later, on January 3, 2025. Even if the Court extended the time to appeal by 30 days, that would require the filing of an appeal by February 2, 2025. But Mr. Corey did not even move for leave to file a notice of appeal (*i.e.*, the pending motion) until February 21, 2025, and Mr. Corey did not file his notice of appeal until February 24, 2025. *See Corey II*, Docket No. 131 (notice).

In his papers, Mr. Corey argues that his prior defense counsel was prevented from timely filing because of the holidays, inability to get in touch with Mr. Corey, and so forth. But those arguments do not alter the fact Rule 4 allows a court to give an extension of 30 days only, and Mr. Corey's appeal was outside that 30-day window. *See United States v. Sadler*, 480 F.3d 932, 940 n.10 (9th Cir. 2007) (acknowledging that Rule 4(b) is not jurisdictional and expressing sympathy with the proposition that "courts *ought* to be able to consider fairness and equity when deciding whether to enforce Rule 4(b)'s timeliness dictates"; however, still following "long-standing precedent that the timely filing of a notice of appeal is mandatory, meaning we must enforce the rule when it is properly invoked") (emphasis in original); *United States v. Thomas*, 711 Fed. Appx. 853, 854 (9th Cir. 2017) (stating that "Rule 4(b) is an 'inflexible claim processing rule'").[1] There was nothing ambiguous about the application of the order to *Corey II*, and thus nothing to excuse delay beyond the strictures of Rule 4 as applied thereto.

C.   *Corey I*

While the appeal in *Corey II* was clearly not timely, *Corey I* presents a different situation. Mr. Corey asserts that his pursuit of an appeal in *Corey I* should be deemed timely because the order he challenges (approving the stipulation filed by the parties) was not filed until January 24, 2025. According to Mr. Corey, his notice of appeal was then due 14 days later, on February 10, 2025, and, if the Court were to extend the time to appeal by 30 days (which the Court can do nunc

---

[1] It is also worth noting that, even if equity could be considered, Mr. Corey was able to enter into the stipulation for *Corey I* on January 24, 2025, when he was fully aware of the *Corey II* order. Thus, he should have been able to file a notice of appeal by February 2, 2025.

3

1  pro tunc), an appeal could be timely filed by March 12, 2025.  As with *Corey II*, Mr. Corey filed
2  his notice of appeal in *Corey I* on February 24, 2025.
3        In response, the government argues that the January 24, 2025, order in *Corey I* did not start
4  a new clock with respect to the time to appeal.  The government maintains that the December 20,
5  2024, order – which was filed in *Corey II* only – implicitly applied to *Corey I*, not just *Corey II*,
6  and therefore the Mr. Corey should have filed his notice of appeal in *Corey I* based on the issuance
7  of the December 20, 2024, order.
8        Both parties agree that the applicable standard for their dispute is supplied by *FTC v.*
9  *Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206 (1952).  There, the Supreme Court noted as
10 follows:

> [T]he mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought.  Only when the lower court *changes matters of substance, or resolves a genuine ambiguity*, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew.  The test is a practical one.  The question is whether the lower court, in its second order, has *disturbed or revised legal rights and obligatio*ns which, by its prior judgment, had been plainly and properly settled with finality.

17 *Id.* at 211-12 (emphasis added); *see also United States v. Doe*, 374 F.3d 851, 854 (9th Cir. 2004)
18 (applying the Supreme Court rule).
19       One instance in which the Ninth Circuit has applied the above rule is *United States v.*
20 *Antonie*, 953 F.2d 496 (9th Cir. 1991).  There,

> [t]he district court first entered a judgment on November 27, 1990.  This judgment did not state whether Antonie's federal sentence would run concurrently or consecutively with his state sentence.  Under 18 U.S.C. § 3584(a), "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  The amended judgment, entered December 17, 1990, stated that the sentences would run concurrently.  Because the amended judgment "disturbed or revised legal rights and obligations," the thirty-day filing period for appeal began anew the day the second judgment was entered.

27 *Id.* at 497 n.1.
28       In the case at bar, Mr. Corey argues that there was a genuine ambiguity as to whether the

4

1  *Corey II* order applied to *Corey I* and that the *Corey I* order revised his legal rights. According to
2  Mr. Corey, it was unclear whether the order in *Corey II* reducing his sentence applied only to the
3  *Corey II* sentence or whether it also applied to the *Corey I* sentence (which ran concurrently). Mr.
4  Corey argues that "[t]he uncertainty was compounded by the fact that the reduction of one
5  sentence but not the other rendered the entire effort [to reduce his time in prison] a nullity," Mot.
6  at 7; thus, the order that issued in *Corey I* revised his legal rights.

The Court finds that, although a close call, there was a genuine ambiguity as to whether the December 20, 2024, order applied to *Corey I*. The December 20, 2024, order was filed in *Corey II* only, not *Corey I*, and the caption page for the order listed only the case number for *Corey II*, not the case number for *Corey I*. The December 20, 2024, order also referred to Mr. Corey's "sentence" (singular) only, and not to his "sentences" which would have clearly implicated *Corey I*.

To be sure, Mr. Corey's own motion for a reduction referred to a "sentence" and not "sentences." Also, the same exact briefs for the motion to reduce were filed in both *Corey I* and *II* (by Mr. Corey and the government, respectively). Nevertheless, there was enough ambiguity that the BOP wanted a separate order covering *Corey I* before it would give him relief in *Corey I*.

Because the Court finds there was genuine ambiguity in the December 20, 2024, order, a new clock for the time to appeal started running with the January 24, 2025, stipulated order issued in *Corey I*. Mr. Corey thus had 14 days to appeal therefrom, and the Court hereby extends the time for Mr. Corey to appeal by the additional 30 days as permitted by Rule 4(b). Thus, Mr. Corey's notice of appeal in *Corey I* – filed on February 24, 2025 – is timely.

D.  Impact of Remedy

The Court's ruling above means that the appeal in *Corey II* is not timely, but the appeal in *Corey I* is timely. The Court rejects Mr. Corey's contention that the January 24, 2025, order started a new clock for *Corey II*. The January 24, 2025, order on its face stated that Mr. Corey's sentence in *Corey I* was being reduced from 108 to 96 months. *See* Docket No. 125 (Order at 3). Nothing changed in *Corey II*.

As a practical matter, this means that, while Mr. Corey may now pursue his appeal in

5

Case 3:20-cr-00481-EMC   Document 159   Filed 01/13/26   Page 6 of 6

*Corey I* – and may even prevail on that appeal – his sentence of 96 months in *Corey II* remains unaffected, at least for the time being.

### III.     CONCLUSION

For the foregoing reasons, Mr. Corey's motion for leave is granted in part and denied in part.

This order disposes of Docket No. 128 in *Corey I* and Docket No. 130 in *Corey II*.

**IT IS SO ORDERED**.

Dated: January 13, 2026

_____
EDWARD M. CHEN
United States District Judge

6